1

2

3

4

5

6

7

8                                  **UNITED STATES DISTRICT COURT**

9                                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11    MARICELA OLEA,                        )   NO. CV 13-768-E
                                            )
12                      Plaintiff,          )
                                            )
13           v.                             )   **MEMORANDUM OPINION**
                                            )
14    CAROLYN W. COLVIN, ACTING             )   **AND ORDER OF REMAND**
      COMMISSIONER OF SOCIAL SECURITY,[1]   )
15                                          )
                        Defendant.          )
16    _____)

17

18           Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19    HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20    judgment are denied and this matter is remanded for further

21    administrative action consistent with this Opinion.

22    ///

23    ///

24    ///

25    ///

26

27    _____

28           [1]   Carolyn W. Colvin, who became Acting Commissioner of
      Social Security as of February 14, 2013, is hereby substituted as
      Defendant in this matter.  See Fed. R. Civ. P. 25(d)(1); 42
      U.S.C. § 405(g).

**PROCEEDINGS**

Plaintiff filed a complaint on February 8, 2013, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 21, 2013. Plaintiff filed a motion for summary judgment on July 31, 2013. Defendant filed a motion for summary judgment on September 30, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed February 19, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff alleges disability since January 1, 2009, based primarily on rheumatoid arthritis (Administrative Record ("A.R.") 62-63, 71-73, 145-52, 191). For eight years prior to January 1, 2009, Plaintiff intermittently performed part-time, self-employment work, selling jewelry out of her home (A.R. 69-71, 157-58, 192, 199). Reportedly, Plaintiff received (on average) less than $700 per month from this work (A.R. 69-71, 157-58).

In the midst of questioning Plaintiff at the administrative hearing regarding the revenue Plaintiff received from selling jewelry, the Administrative Law Judge ("ALJ") said, "Well, all I can tell is it was probably SGA [substantial gainful activity]" (A.R. 70). Later in the same hearing, Plaintiff's counsel questioned the vocational expert regarding the nature and extent of the jewelry sales work Plaintiff actually performed (A.R. 75-76). During this questioning, the ALJ

interjected, "Well, that's more of a legal definition in looking at
whether it's SGA and the self-employment issues, so that's a different
issues [sic].  That's not really a vocational question" (A.R. 76)
(emphasis added).


     On August 10, 2011, two days after the administrative hearing,
counsel for Plaintiff reportedly faxed a letter to the ALJ (A.R. 229,
233-34).  This letter states in pertinent part:


     The claimant contends that her work activity as a jewelry
     seller does not constitute past relevant work and that even
     if the claimant could perform such work it would not preclude
     a finding of disability.  The claimant never earned more than
     $7,850 per year performing this work as a self employed
     individual.  On a prorated basis this is approximately $650 a
     month[,] well below the amounts for substantial gainful
     activity (SGA).

     Under the Regulations when self employment is performed at a
     level below SGA[,] additional assessment is required.  The
     three part test[2] involves an inquiry into whether the
     claimant performed the work at the level of SGA, in a way
     similar to others in the community, and if the claimant was
     manipulating the work activity for income purposes.  The
     claimant contends that the work activity as a jewelry seller

---

     [2]   [Regulations, as well as a Social Security Ruling, set
forth the particulars of this three-part test.  See 20 C.F.R. §
404.1575; 20 C.F.R. 416.975; Social Security Ruling 83-34.]

1      was not past relevant work because the amount earned does not

2      rise to the level of SGA and because the activity when

3      assessed under the three part test does not meet the

4      requirements of being SGA (A.R. 234).

5

6 The ALJ reportedly refused to make this letter a part of the

7 Administrative Record (A.R. 229).

8

9      On August 12, 2011, the ALJ issued a decision finding Plaintiff

10 not disabled (A.R. 25-32).  According to the ALJ, Plaintiff has severe

11 rheumatoid arthritis, but retains the residual functional capacity to

12 perform the jewelry sales work as Plaintiff actually performed the work

13 (A.R. 27-32).  The ALJ's decision characterizes the jewelry sales work

14 as Plaintiff's "past relevant work" (A.R. 31-32).  The decision

15 contains no explanation regarding this characterization and no

16 discussion regarding the "three part test" for substantial gainful

17 activity referenced in the August 10, 2011 letter submitted by

18 Plaintiff's counsel (A.R. 25-32).

19

20      In seeking review from the Appeals Council, counsel for Plaintiff

21 argued, inter alia, that the ALJ erred in characterizing Plaintiff's

22 jewelry selling as "past relevant work" in the absence of any

23 demonstrated analysis of whether the work constituted substantial

24 gainful activity (A.R. 228-29).  Counsel made this argument in a

25 May 25, 2012 letter to the Appeals Council (A.R. 227-31).  This letter

26 appended a copy of counsel's August 10, 2011 letter to the ALJ (A.R.

27 229, 233-34).  The Appeals Council considered both letters but denied

28 review, stating that "the Administrative Law Judge's decision is the

1  final decision of the Commissioner of Social Security in your case"
2  (A.R. 5-9).

3

4                          **STANDARD OF REVIEW**

5

6       Under 42 U.S.C. section 405(g), this Court reviews the
7  Administration's decision to determine if:  (1) the Administration's
8  findings are supported by substantial evidence; and (2) the
9  Administration used proper legal standards.  See Carmickle v.
10 Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
11 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such
12 relevant evidence as a reasonable mind might accept as adequate to
13 support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)
14 (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063,
15 1067 (9th Cir. 2006).

16

17      Where, as here, the Appeals Council considered additional
18 material but denied review, the additional material becomes part of
19 the Administrative Record for purposes of the Court's analysis.  See
20 Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen
21 the Appeals Council considers new evidence in deciding whether to
22 review a decision of the ALJ, that evidence becomes part of the
23 administrative record, which the district court must consider when
24 reviewing the Commissioner's final decision for substantial evidence.";
25 expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir.
26 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may
27 consider evidence presented for the first time to the Appeals Council
28 "to determine whether, in light of the record as a whole, the ALJ's

1  decision was supported by substantial evidence and was free of legal
2  error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the
3  Appeals Council considered this information and it became part of the
4  record we are required to review as a whole"); see generally 20 C.F.R.
5  §§ 404.970(b), 416.1470(b).

6

7                              **DISCUSSION**

8

9       Unless a claimant's prior work constituted substantial gainful
10  activity, the work cannot qualify as "past relevant work."  See 20
11  C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1); Vertigan v. Halter,
12  260 F.3d 1044, 1051 (9th Cir. 2001).  Where, as in the present case,
13  the claimant's prior work was self-employment, the Administration
14  "must" consider "three tests" to determine whether the self-employment
15  constituted substantial gainful activity.  Social Security Ruling
16  ("SSR") 83-34;[3] see 20 C.F.R. § 404.1575;[4] 20 C.F.R. § 416.975; Weber
17  v. Astrue, 2012 WL 274707, at *3-7 (E.D. Wash. Jan. 31, 2012); Le v.
18  Astrue, 540 F. Supp. 2d 1144, 1149-50 (C.D. Cal. 2008).  To qualify as
19  substantial gainful activity under "Test One," the claimant's services
20  must have been "significant to the operation of the business" and the
21  claimant must have received "a substantial income from the business."
22  SSR 83-34.
23  ///

24

25          [3]    SSRs are "binding on ALJs."  Terry v. Sullivan, 903
26  F.2d 1273, 1275 n.1 (9th Cir. 1990).

27          [4]    Plaintiff's motion fails to cite 20 C.F.R. section
    404.1575, instead citing 20 C.F.R. section 404.1574, a regulation
28  that concerns the evaluation of work done "as an employee."

1    If it is clearly established that this self-employed person
2    is not engaging in SGA on the basis of significant services
3    and substantial income [i.e. "Test One"], both the second and
4    third SGA test concerning comparability and worth of work
5    must be considered.  According to these tests, the individual
6    will be engaged in SGA if the evidence clearly demonstrates
7    that:  a. The individual's work activity in terms of all
8    relevant factors such as hours, skills, energy output,
9    efficiency, duties, and responsibilities is comparable to
10   that of unimpaired individuals in the same community engaged
11   in the same or similar businesses as their means of
12   livelihood; or b. The individual's work activity, although
13   not comparable to that of unimpaired individuals as indicated
14   above, is, nevertheless, clearly worth more than the amount
15   shown for the particular calendar year in the SGA Earnings
16   Guidelines when considered in terms of its value to the
17   business, or when compared to the salary an owner would pay
18   to an employee for such duties in that business setting.  . .
19   .  When the impaired individual operates a business at a
20   level comparable to that of unimpaired individuals in the
21   community who make their livelihood from the same or similar
22   kind of business, there can be a finding of SGA by the
23   impaired person.  To establish comparability of work
24   activity, it is necessary to show that the disabled person is
25   performing at a level comparable to that of unimpaired
26   persons, considering the following factors: hours, skills,
27   energy output, efficiency, duties and responsibilities.  The
28   lack of conclusive evidence as to the comparability of the

1    required factors will result in a finding that work performed

2    is not SGA.  SSR 83-34.

3

4        In the present case, the Administration erred by characterizing

5    Plaintiff's prior self-employment as "past relevant work," without

6    discussing whether the self-employment constituted substantial gainful

7    activity under the applicable tests.  See id.; McGlothin v. Astrue,

8    2012 WL 5512348, at *3 (C.D. Cal. Nov. 14, 2012) ("The ALJ found that

9    Plaintiff's past work as a caterer and as a companion qualified as

10   'past relevant work' without discussing or rebutting the earnings

11   presumption or making any specific findings as to whether those jobs

12   meet the Commissioner's definition of substantial gainful activity.

13   This was legal error."); see also Pinto v. Massanari, 249 F.3d 840, 844

14   (9th Cir. 2001) ("Although the burden of proof lies with the claimant

15   at step four,[5] the ALJ still has a duty to make the requisite factual

16   findings to support his conclusion."); Lewin v. Schweiker, 654 F.2d

17   631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement

18   of the subordinate factual foundations on which the ALJ's ultimate

19   factual conclusions are based, so that a reviewing court may know the

20   basis for the decision).

21

22       This error may have been material.  Plaintiff's supposedly

23   continuing capacity to perform her past work as a jewelry seller

24   represented the sole basis on which the Administration denied benefits

25

26   _____

27       [5]   As stated in the ALJ's decision, step four in the
     sequential analysis of disability examines, inter alia, whether
     the claimant's past work was substantial gainful activity (A.R.
28   27).

1    (A.R. 5-8, 25-32).  This supposed capacity would not support a denial

2    of benefits unless Plaintiff's past work as a jewelry seller

3    constituted substantial gainful activity.  It appears that Plaintiff

4    did not receive a "substantial income" from her past work, within the

5    meaning of Test One.  See SSR 83-34 ("A self-employed individual will

6    have substantial income from a business if 'countable income' [roughly

7    net profits] from the business averages more per month than the amount

8    shown for the particular calendar year in the SGA Earnings Guidelines[6]

9    . . . [or] <u>if the livelihood which he or she derives from the business</u>

10   <u>is comparable to that which he or she had before becoming disabled,</u>[7] or

11   is comparable to that of unimpaired self-employed individuals in his or

12   her community engaged in the same or similar businesses as their means

13   of livelihood") (emphasis added).  Fuller development of

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20

21        _____

22        [6]     The amount shown in the SGA Earnings Guidelines for the
     calendar year 2000 is $700.  <u>See</u> 20 C.F.R. § 404.1574(b)(2); 20
23   C.F.R. § 416.974(b)(2).  Subsequent calendar years have threshold
     amounts equal to or greater than $700.  <u>See</u> <u>id.</u>  Reportedly,
24   Plaintiff's average monthly revenue from selling jewelry was less
     than $700 (A.R. 69-71, 157-58).

25
          [7]     Defendant's motion emphasizes the underlined portion of
26   Test One.  This portion of Test One appears to address the
     situation (not present here) in which an allegedly disabled
27   individual <u>currently</u> is engaging in self-employment work that may
     constitute substantial gainful activity disentitling the claimant
28   from receiving further benefits.

1  the record[8] may have to precede the required analyses under Test Two

2  and Test Three, but it appears that Plaintiff's past work may well fail

3  to qualify as substantial gainful activity under these alternate tests.

4

5

6       Because the circumstances of this case suggest that further

7  administrative review could remedy the Administration's errors, remand

8  is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011);

9  see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of

10 an administrative determination, the proper course is remand for

11 additional agency investigation or explanation, except in rare

12 circumstances).

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 _____

24       [8]    See generally Brown v. Heckler, 713 F.2d 441, 443 (9th
   Cir. 1983) ("[t]he ALJ has a special duty to fully and fairly
25 develop the record and to assure that the claimant's interests
   are considered.  This duty exists even when the claimant is
26 represented by counsel."); see also Sims v. Apfel, 530 U.S. 103,
   110-11 (2000) ("Social Security proceedings are inquisitorial
27 rather than adversarial.  It is the ALJ's duty to investigate the
   facts and develop the arguments both for and against granting
28 benefits. . . .").

1

**CONCLUSION**

2

3          For all of the foregoing reasons,[9] Plaintiff's and Defendant's

4   motions for summary judgment are denied and this matter is remanded for

5   further administrative action consistent with this Opinion.

6

7          LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9          DATED: October 8, 2013.

10

11

12                              _____/S/_____
                                          CHARLES F. EICK
13                             UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27          [9]     The Court has not reached any other issue raised by
      Plaintiff except insofar as to determine that reversal with a
28    directive for the immediate payment of benefits would not be
      appropriate at this time.

11