1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARICELA OLEA, | ) | NO. CV 13-768-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

///
///
///
///

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

**PROCEEDINGS**

Plaintiff filed a complaint on February 8, 2013, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 21, 2013. Plaintiff filed a motion for summary judgment on July 31, 2013. Defendant filed a motion for summary judgment on September 30, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed February 19, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff alleges disability since January 1, 2009, based primarily on rheumatoid arthritis (Administrative Record ("A.R.") 62-63, 71-73, 145-52, 191). For eight years prior to January 1, 2009, Plaintiff intermittently performed part-time, self-employment work, selling jewelry out of her home (A.R. 69-71, 157-58, 192, 199). Reportedly, Plaintiff received (on average) less than $700 per month from this work (A.R. 69-71, 157-58).

In the midst of questioning Plaintiff at the administrative hearing regarding the revenue Plaintiff received from selling jewelry, the Administrative Law Judge ("ALJ") said, "Well, all I can tell is it was probably SGA [substantial gainful activity]" (A.R. 70). Later in the same hearing, Plaintiff's counsel questioned the vocational expert regarding the nature and extent of the jewelry sales work Plaintiff actually performed (A.R. 75-76). During this questioning, the ALJ

1    interjected, "Well, that's more of a legal definition in looking at
2    whether it's SGA and the self-employment issues, so that's a different
3    issues [sic]. That's not really a vocational question" (A.R. 76)
4    (emphasis added).

6    On August 10, 2011, two days after the administrative hearing,
7    counsel for Plaintiff reportedly faxed a letter to the ALJ (A.R. 229,
8    233-34). This letter states in pertinent part:

10       The claimant contends that her work activity as a jewelry
11       seller does not constitute past relevant work and that even
12       if the claimant could perform such work it would not preclude
13       a finding of disability. The claimant never earned more than
14       $7,850 per year performing this work as a self employed
15       individual. On a prorated basis this is approximately $650 a
16       month[,] well below the amounts for substantial gainful
17       activity (SGA).

19       Under the Regulations when self employment is performed at a
20       level below SGA[,] additional assessment is required. The
21       three part test[2] involves an inquiry into whether the
22       claimant performed the work at the level of SGA, in a way
23       similar to others in the community, and if the claimant was
24       manipulating the work activity for income purposes. The
25       claimant contends that the work activity as a jewelry seller

---

[2] [Regulations, as well as a Social Security Ruling, set forth the particulars of this three-part test. See 20 C.F.R. § 404.1575; 20 C.F.R. 416.975; Social Security Ruling 83-34.]

3

```
 1          was not past relevant work because the amount earned does not
 2          rise to the level of SGA and because the activity when
 3          assessed under the three part test does not meet the
 4          requirements of being SGA (A.R. 234).
 5
 6   The ALJ reportedly refused to make this letter a part of the
 7   Administrative Record (A.R. 229).
 8
 9        On August 12, 2011, the ALJ issued a decision finding Plaintiff
10   not disabled (A.R. 25-32).  According to the ALJ, Plaintiff has severe
11   rheumatoid arthritis, but retains the residual functional capacity to
12   perform the jewelry sales work as Plaintiff actually performed the work
13   (A.R. 27-32).  The ALJ's decision characterizes the jewelry sales work
14   as Plaintiff's "past relevant work" (A.R. 31-32).  The decision
15   contains no explanation regarding this characterization and no
16   discussion regarding the "three part test" for substantial gainful
17   activity referenced in the August 10, 2011 letter submitted by
18   Plaintiff's counsel (A.R. 25-32).
19
20        In seeking review from the Appeals Council, counsel for Plaintiff
21   argued, inter alia, that the ALJ erred in characterizing Plaintiff's
22   jewelry selling as "past relevant work" in the absence of any
23   demonstrated analysis of whether the work constituted substantial
24   gainful activity (A.R. 228-29).  Counsel made this argument in a
25   May 25, 2012 letter to the Appeals Council (A.R. 227-31).  This letter
26   appended a copy of counsel's August 10, 2011 letter to the ALJ (A.R.
27   229, 233-34).  The Appeals Council considered both letters but denied
28   review, stating that "the Administrative Law Judge's decision is the
```

final decision of the Commissioner of Social Security in your case" (A.R. 5-9).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

Where, as here, the Appeals Council considered additional material but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's

decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

Unless a claimant's prior work constituted substantial gainful activity, the work cannot qualify as "past relevant work." See 20 C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1); Vertigan v. Halter, 260 F.3d 1044, 1051 (9th Cir. 2001). Where, as in the present case, the claimant's prior work was self-employment, the Administration "must" consider "three tests" to determine whether the self-employment constituted substantial gainful activity. Social Security Ruling ("SSR") 83-34;[3] see 20 C.F.R. § 404.1575;[4] 20 C.F.R. § 416.975; Weber v. Astrue, 2012 WL 274707, at *3-7 (E.D. Wash. Jan. 31, 2012); Le v. Astrue, 540 F. Supp. 2d 1144, 1149-50 (C.D. Cal. 2008). To qualify as substantial gainful activity under "Test One," the claimant's services must have been "significant to the operation of the business" and the claimant must have received "a substantial income from the business." SSR 83-34.

///

---

[3] SSRs are "binding on ALJs." Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[4] Plaintiff's motion fails to cite 20 C.F.R. section 404.1575, instead citing 20 C.F.R. section 404.1574, a regulation that concerns the evaluation of work done "as an employee."

If it is clearly established that this self-employed person is not engaging in SGA on the basis of significant services and substantial income [i.e. "Test One"], both the second and third SGA test concerning comparability and worth of work must be considered.  According to these tests, the individual will be engaged in SGA if the evidence clearly demonstrates that:  a. The individual's work activity in terms of all relevant factors such as hours, skills, energy output, efficiency, duties, and responsibilities is comparable to that of unimpaired individuals in the same community engaged in the same or similar businesses as their means of livelihood; or b. The individual's work activity, although not comparable to that of unimpaired individuals as indicated above, is, nevertheless, clearly worth more than the amount shown for the particular calendar year in the SGA Earnings Guidelines when considered in terms of its value to the business, or when compared to the salary an owner would pay to an employee for such duties in that business setting.  . . . When the impaired individual operates a business at a level comparable to that of unimpaired individuals in the community who make their livelihood from the same or similar kind of business, there can be a finding of SGA by the impaired person.  To establish comparability of work activity, it is necessary to show that the disabled person is performing at a level comparable to that of unimpaired persons, considering the following factors: hours, skills, energy output, efficiency, duties and responsibilities.  The lack of conclusive evidence as to the comparability of the

required factors will result in a finding that work performed is not SGA. SSR 83-34.

In the present case, the Administration erred by characterizing Plaintiff's prior self-employment as "past relevant work," without discussing whether the self-employment constituted substantial gainful activity under the applicable tests. See id.; McGlothin v. Astrue, 2012 WL 5512348, at *3 (C.D. Cal. Nov. 14, 2012) ("The ALJ found that Plaintiff's past work as a caterer and as a companion qualified as 'past relevant work' without discussing or rebutting the earnings presumption or making any specific findings as to whether those jobs meet the Commissioner's definition of substantial gainful activity. This was legal error."); see also Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) ("Although the burden of proof lies with the claimant at step four,[5] the ALJ still has a duty to make the requisite factual findings to support his conclusion."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision).

This error may have been material. Plaintiff's supposedly continuing capacity to perform her past work as a jewelry seller represented the sole basis on which the Administration denied benefits

---

[5] As stated in the ALJ's decision, step four in the sequential analysis of disability examines, inter alia, whether the claimant's past work was substantial gainful activity (A.R. 27).

(A.R. 5-8, 25-32). This supposed capacity would not support a denial of benefits unless Plaintiff's past work as a jewelry seller constituted substantial gainful activity. It appears that Plaintiff did not receive a "substantial income" from her past work, within the meaning of Test One. See SSR 83-34 ("A self-employed individual will have substantial income from a business if 'countable income' [roughly net profits] from the business averages more per month than the amount shown for the particular calendar year in the SGA Earnings Guidelines[6] . . . [or] <u>if the livelihood which he or she derives from the business is comparable to that which he or she had before becoming disabled</u>,[7] or is comparable to that of unimpaired self-employed individuals in his or her community engaged in the same or similar businesses as their means of livelihood") (emphasis added). Fuller development of

///
///
///
///
///
///

---

[6] The amount shown in the SGA Earnings Guidelines for the calendar year 2000 is $700. See 20 C.F.R. § 404.1574(b)(2); 20 C.F.R. § 416.974(b)(2). Subsequent calendar years have threshold amounts equal to or greater than $700. See id. Reportedly, Plaintiff's average monthly revenue from selling jewelry was less than $700 (A.R. 69-71, 157-58).

[7] Defendant's motion emphasizes the underlined portion of Test One. This portion of Test One appears to address the situation (not present here) in which an allegedly disabled individual <u>currently</u> is engaging in self-employment work that may constitute substantial gainful activity disentitling the claimant from receiving further benefits.

1  the record[8] may have to precede the required analyses under Test Two
2  and Test Three, but it appears that Plaintiff's past work may well fail
3  to qualify as substantial gainful activity under these alternate tests.

6  Because the circumstances of this case suggest that further
7  administrative review could remedy the Administration's errors, remand
8  is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011);
9  see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of
10 an administrative determination, the proper course is remand for
11 additional agency investigation or explanation, except in rare
12 circumstances).
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///

---

[8] See generally Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("[t]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel."); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . .").

**CONCLUSION**

For all of the foregoing reasons,[9] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 8, 2013.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[9] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.